## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

MESH COMM, LLC,                 *

          Plaintiff,          *    Case No.: 1:09-cv-02804-RDB

      v.                  *

PEPCO ENERGY SERVICES, *et al.*,  *

          Defendant.      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### STIPULATED PROTECTIVE ORDER

WHEREAS, the parties have, through counsel, stipulated to the entry of a Protective Order to prevent the unnecessary dissemination or disclosure of certain documents, transcripts, records, and other things that constitute or contain confidential or protected information within the meaning of Federal Rule of Civil Procedure 26(c); and

WHEREAS, the parties have stipulated that good cause exists for the entry of a Protective Order in accordance with Rule 26(c) to protect against improper disclosure of confidential information produced or disclosed in this litigation;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1.    **Definitions.**  As used in this Stipulated Protective Order, these terms have the following meanings:

        a.    "Confidential" information means information designated in accordance with Paragraph 3;

        b.    "Highly Confidential – Outside Counsel Eyes Only" information means information that is the subset of Confidential Information designated in accordance with Paragraph 4;

c.   "Materials" includes all documents, transcripts, records, and things (in oral, written, or electronic forms) within the scope of Federal Rule of Civil Procedure 34 and discovery in this litigation, including, without limitation, all testimony given at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests or responses taken in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party;

d.   "Agreement to be Bound by Protective Order" means an executed document in the form attached as **Exhibit A**.

e.   "Requesting Party" or "Receiving Party" means the party that requests or receives the disclosure of Confidential Information.

f.   "Producing Party" or "Producing" means the party that owns or otherwise controls the Confidential Information requested by the Requesting Party.

2.   **Numbering**. All documents and other materials (including copies) produced in discovery in this litigation shall be given unique production numbers (commonly referred to as "Bates" numbers) by the producing party except for documents that are merely being made available prior to selection and production. In this event, each producing party shall use a unique production number prefix to identify the producing party.

3.   "**Confidential**" Information or Items. A party or non-party may designate any material "CONFIDENTIAL" for protection under this Protective Order where that material constitutes or discloses "Confidential Information." "Confidential Information," as that term is used herein, comprises information that the producing party in good faith contends constitutes or contains information that is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known in the context or form as known by the producing party; (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the producing party would require such third parties to maintain the information in confidence; and (d) information (regardless of how generated, stored, or

maintained) or tangible thing that qualify for protection under standards developed under Fed. R. Civ. P. 26(c). "Confidential Information" includes, but is not limited to, confidential research, development, technical, or commercial information, as well as other such information that the requesting party would not have access to but for this litigation.

4.    **"Highly Confidential - Outside Counsel Eyes Only" Information or Items.**  A party or non-party may designate any material "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" for protection under this Protective Order where that material constitutes or discloses extremely sensitive "Confidential" Information or Items whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means, including but not limited to information which is financial, strategic, commercial, pricing, costing, or marketing information relating to the producing party or the producing party's commercial products or planned commercial products, or to the producing party's business, or technical and research information that relates in any way to the producing party's existing or planned commercial products or to the producing party's business.  Such materials, information and items specifically include, but are not necessarily limited to: (a) highly sensitive information relating to the design or development of products, including but not limited to computer code and internal product specifications, and internal communications relating to such design or development; (b) highly sensitive business or marketing plans; (c) highly sensitive financial information or forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations; (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; (e) computer code, including source code, object code, executable code, software files, or other related files; and (f) any other documents, information, or materials that

relate to proprietary information that the producing party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the producing party,

5.    **Use of Information.**  All materials containing "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information shall be used solely for the purpose of this litigation, including any appeals thereof, unless otherwise agreed to, in writing, by the producing party, or directed by a court of competent jurisdiction. Prohibited purposes include, but are not limited to, use of Confidential Information for competitive purposes, for any proceedings before the United States Patent and Trademark Office without seeking leave of Court, or in connection with the prosecution of any intellectual property rights as detailed in Paragraph 9 of this Agreement.

6.    **Access to Confidential Information.**   Access to any "CONFIDENTIAL" Information shall be limited to:

a.    This Court, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

b.    Outside counsel of record and their associates, legal assistants, investigators, and stenographic and clerical employees, but only to the extent that their duties and responsibilities require access to Confidential Information.

c.    In-house representatives for each party, which shall number no more than three (3) for each party at any one time, but only to the extent that their duties and responsibilities require access to Confidential Information and

they have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

d.     Court reporters retained to transcribe testimony in this litigation;

e.     Outside experts and consultants retained by at least one party or its counsel for purposes of this litigation, including its support, administrative and clerical staff, to the extent necessary to assist the party in this litigation who have signed "Agreement to Be Bound by Protective Order" (Exhibit A) and who have been approved pursuant to the procedures set forth in Paragraph 13;

f.     Jury consultants and other litigation vendors retained by at least one party for purposes of this litigation (including, but not limited to outside photocopy, imaging, database, graphics, translation and design services, but not including mock jurors), including its support, administrative, and clerical staff, to the extent necessary to assist the party in this litigation, and who have signed "Agreement to Be Bound by Protective Order" (Exhibit A);

g.     Witnesses of the producing party of whom deposition or trial testimony is being taken, but only if: (1) the witness is any of the following: (a) a present director, officer, employee or contractor of the producing party; (b) an author, addressee, or other person indicated as a recipient of a document containing the information; or (c) a Rule 30(b)(6) designee of the producing party; (2) at the request of any party, the portion of the transcript involving the Confidential Information shall be designated

"Confidential" or "Highly Confidential-Outside Counsel Eyes Only"; and (3) the witness shall not be allowed to retain a copy of the Confidential Information; and

    h.    <u>Any person</u> for whom prior authorization is obtained from the producing party or the Court.

7.    **Access to "Highly Confidential - Outside Counsel Eyes Only" Information and Items.**  Disclosure of "Highly Confidential - Outside Counsel Eyes Only" information and items shall be limited to the persons designated in Paragraphs 6.a., 6.b., 6.d., 6.e., 6.f., 6.g., and 6.h.  Persons designated in Paragraph 6.c. ("In-house representatives") are strictly prohibited from viewing or otherwise being provided any information concerning any information or materials designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY."

8.    **Production of Source Code.**  Unless otherwise indicated, source code shall be designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" and subject to the same restrictions for "Highly Confidential – Outside Counsel Eyes Only" information identified in Paragraphs 4, 5 and 7 above and subject to the Prosecution Bar in Paragraph 9.  Source code is subject to the following additional restrictions:

    a.    <u>Disclosure of Source Code.</u>  Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "Highly Confidential - Outside Counsel Eyes Only – Source Code" only to those categories of individuals listed in Paragraphs 6.a., 6.b., 6.d., 6.e., 6.f., 6.g., and 6.h. subject to the restrictions therein. Persons designated in Paragraph 6.c. ("In-house representatives") are strictly prohibited from viewing or otherwise being provided any information constituting or disclosing

part or all of the contents of any information or materials designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE."

b. <u>Manner of Production</u>. Each Producing Party shall make available properly discoverable source code in its possession, custody or control at a third party escrow service of the Producing Party's selection. The Producing Party shall allow inspection of the source code within twenty (20) days of receiving the written request for inspection from the Receiving Party. The Receiving Party's Outside Counsel and its Experts shall be entitled to use software tools stored on read-only media for viewing, searching, and analyzing source code.

c. <u>No electronic copies</u>. A Receiving Party shall not make any electronic copies of source code, in whole or in part. This section does not preclude the creation of temporary copies that are made in the normal operation of the computer on which the source code resides or the creation of temporary output files created on the computer on which the source code resides through the use of software tools used to view, search, or analyze source code.

d. <u>Limitations on Print-outs</u>. No paper print-outs shall be made of source code except for: (i) portions necessary for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "Highly Confidential - Outside Counsel Eyes Only" information; and (ii) such other uses to which the Parties may agree or that the Court may order. Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time. Each page of any printed copies of source code shall be printed on yellow (or other non-white) colored paper. After printing, the Producing Party shall clearly label each page of any printed copies "Highly Confidential - Outside Counsel Eyes Only - Source Code" and give each page a unique

identification number. The Producing Party shall make a good faith effort to provide a copy of the labeled and numbered copies on yellow (or non-white) colored paper to Outside Counsel of the Receiving Party within two business days upon receiving a request for a print-out. The Receiving Party may make one (1) copy of the printed source code pages after delivery for internal use on yellow (or non-white) colored paper. Printed copies of source code shall be securely maintained in a locked room or cabinet at the office of Outside Counsel of the Receiving Party when not in use and shall be destroyed as soon as they are no longer needed. Printed copies of source code may be reviewed at the office of Outside Counsel of the Receiving Party by Outside Counsel or the Receiving Party's Experts, but may not be removed from the office of Outside Counsel except that copies may be made for and used in Court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "Highly Confidential - Outside Counsel Eyes Only" information if necessary.

   e. <u>Final Disposition of Source Code.</u> At the conclusion of this action (including any appeals) and unless the Court otherwise orders, printed copies of source code shall be returned to the Producing Party or, at its choosing, the Receiving Party shall certify that all printed copies of source code have been destroyed.

   9. **Prosecution Bar.** Information of a technical nature may be designated as "HIGHLY CONFIDENTIAL TECHNICAL CONTENT – OUTSIDE COUNSEL EYES ONLY," and is subject to the same restrictions for "Highly Confidential - Outside Counsel Eyes Only" information identified in Paragraphs 4, 5, and 7 above. No Receiving Party shall disclose any "Highly Confidential Technical Content – Outside Counsel Eyes Only" information received from a Producing Party to any lawyer, patent agent, or any other person who is involved in any way in the prosecution of patent applications on behalf of the Receiving Party or of any person

or entity affiliated in any way with the Receiving Party relating to the products or technologies at issue in this action.  In addition, anyone to whom a Receiving Party discloses "Highly Confidential Technical Content - Outside Counsel Eyes Only" protected material shall not be involved in the prosecution of patent applications relating to the products or technologies at issue in this action until the earlier of two (2) years after the final disposition of this case, including all appeals or the date upon which the disclosed material becomes known to the public or is otherwise disclosed to the Receiving Party through proper means and without restriction. A person is "involved in the prosecution of patent applications" for purposes of this Stipulated Protective Order if that person, on behalf of the Receiving Party or of any person or entity affiliated in any way with the Receiving Party, (a) writes, prosecutes, or has the responsibility for overseeing the drafting of such patent applications, (b) is directly or indirectly involved in communicating with the United States Patent and Trademark Office (or any similar body in another country) in connection with (i) a reissue or reexamination proceeding relating to any patent or patent application belonging to the Receiving Party or any person or entity affiliated in any way with the Receiving Party or (ii) any interference proceeding suggested or initiated by the Receiving Party or by any person or entity affiliated in any way with the Receiving Party, or (c) provides advice or guidance to any person concerning any such activities.  This prosecution bar applies only to any lawyer, patent agent, or any other person who actually reviews or otherwise has disclosed to him or her any "Highly Confidential Technical Content - Outside Counsel Eyes Only" protected material or information received from a separate Producing Party. This prosecution bar shall not apply to any lawyer, patent agent, or any other person at the firm(s) of counsel representing a Receiving Party who does not review or otherwise have

-9-

disclosed to him or her any "Highly Confidential Technical Content - Outside Counsel Eyes Only" protected material or information received from a Producing Party.

10. **Third Party Materials**. Third parties producing materials in the course of this litigation may also designate such materials as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" subject to the same protections and constraints as the parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation. Upon receipt of any third-party materials in response to a subpoena, the party that served the subpoena shall promptly produce such third-party materials to all other parties in this litigation and shall treat such third-party materials as "Highly Confidential - Outside Counsel Eyes Only" for a period of 10 days from the date of such production to all other parties to this litigation, regardless of the designation on those materials by the third party, so that all parties have sufficient time to review the material to determine whether to assert that the materials contain Confidential Information of the party.

11. **Effect of Designation**. The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall constitute a representation that an attorney believes that there is a valid basis for such designation. The designation or failure to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" may not, however, be used against the producing party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

12. **Handling of Confidential Materials**. Any person in possession of materials that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall exercise reasonable and appropriate care with regard to the

storage, custody, or use of such materials to ensure that their confidential nature is maintained. No person receiving such materials shall, directly or indirectly, transfer, disclose, or communicate in any way the materials or the contents or information of the materials to any person other than those specified in Paragraph 6, and only as specified in this Stipulated Protective Order.

13.     **Agreement to Be Bound by Protective Order.**  Each person appropriately designated in accordance with Paragraphs 6.e and 6.f. to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information, shall execute an "Agreement to Be Bound by Protective Order" (Exhibit A).   Further, each person appropriately designated in accordance with Paragraph 6.c to receive "CONFIDENTIAL" information, shall execute an "Agreement to Be Bound by Protective Order" (Exhibit A). Counsel of record for any party receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information shall provide a copy of the "Agreement to Be Bound by Protective Order" to the counsel of record for the Producing party at least seven (7) days before it first discloses such information to any such person.  Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit the producing party to object to the disclosure.  If the producing party, based upon a good-faith basis, objects in writing to such disclosure within seven (7) days, no disclosure shall be made absent resolution of the dispute or Court Order.  Any objection must set forth in detail the grounds on which it is based.  In the event a timely objection is made, the parties shall promptly meet and confer to try to resolve the matter by agreement.  If the parties cannot reach agreement, the objecting party may, within five (5) calendar days following the meet and confer, file a motion for protective order preventing the disclosure at issue, or for other appropriate relief.  If

the objecting party fails to file for a protective order within the prescribed period, any objection to the disclosure is waived, and the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information may thereafter be disclosed to such individual. If the objecting party timely files a motion for protective order, the challenged disclosure shall not be made until and unless a final ruling allowing such disclosure is made by this Court, or by consent of the objecting party.

14. **Use of Confidential Information at Deposition**. All depositions or portions of depositions taken in this litigation that contain trade secret or other Confidential Information may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" and thereby obtain the appropriate protections accorded other "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information or items. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party, or all parties if the producing party is a third party, within thirty (30) days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information during the thirty (30) day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses such information shall be taken only in the presence of persons who are qualified to have access to such information.

15. **Inadvertent Failure to Properly Designate**. Any party that inadvertently fails to identify materials or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE," or "HIGHLY CONFIDENTIAL TECHNICAL CONTENT - OUTSIDE COUNSEL EYES ONLY" shall have at least 10 days from the

discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked materials shall make reasonable efforts to retrieve materials distributed to persons not entitled to receive materials with the corrected designation.

16. **Non Waiver Agreement Regarding Inadvertent Disclosure of Privileged Documents**. The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to any Receiving Party a written request for the return or destruction of such documents or things. Upon receiving such a request, any Receiving Party shall *immediately* take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the Producing party of such compliance. If the Receiving Party disclosed the inadvertently produced document or thing before being notified by the producing party, it must take reasonable steps to retrieve the inadvertently produced document or thing.

a. If the Receiving Party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work product immunity, the Receiving Party shall so notify the Producing party in writing when the document or thing is returned to the Producing party. Within five (5) days after receiving such notification, the Producing party shall provide to the Requesting party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity. Within five (5) days after receiving such a list, and after the parties have attempted to resolve the dispute through a meaningful meet-and-confer, the Receiving Party may file a motion to compel

production of such documents and things, the protection of which is still disputed. If such a motion is filed, the Producing party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity.

b.      With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing party that the Requesting Party disputes the claims of attorney-client privilege or work-product immunity, the Receiving Party shall immediately destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.

c.      In no event, however, shall the return or destruction of demanded documents be delayed or refused because of a Receiving Party's objection to the demand or by the filing of a motion to compel.  Furthermore, until and unless such motion to compel is granted, the Receiving Party shall neither quote nor substantively reveal any privileged information contained within the documents or things at issue, either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

17.     **Filing Confidential or Highly Confidential - Outside Counsel Eyes Only Information with the Court**.  If a party files a document containing "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" Information or Items with the Court, all such documents shall be filed under seal as provided for in the Local Rules of the Court and shall be marked with one or more of the following notations:

**FILED UNDER SEAL**
**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

or

**FILED UNDER SEAL**
**CONTAINS HIGHLY CONFIDENTIAL –**
**OUTSIDE COUNSEL EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents filed under seal with the Clerk of the Court shall be placed in an envelope further

marked "SEALED PURSUANT TO ORDER OF COURT DATED _____." The filing

party shall simultaneously submit a motion and accompanying order pursuant to L.R. 104.13(c)

and L.R. 105.11. Filing of such a motion shall be wholly without prejudice to the filing party's

rights under Paragraph 18 of this Stipulated Protective Order. The filing party shall serve the

sealed document, independently of the CM/ECF system, upon all parties of record by electronic

mail.

      18.    **Challenges to Designation**. Any party may request a change in the designation

of any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE

COUNSEL EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY

- SOURCE CODE," or "HIGHLY CONFIDENTIAL TECHNICAL CONTENT - OUTSIDE

COUNSEL EYES ONLY." Such a request must be in writing and must provide the basis for the

request. Any such material shall be treated as designated until the change is completed. If the

requested change in designation is not agreed to, the party seeking the change may move for

appropriate relief. The party asserting that the material is Confidential shall have the burden of

proving that the information in question is within the scope of protection afforded by Federal

Rule of Civil Procedure 26(c).

19. **Use of Independently-Obtained, Unrestricted, Public, or Produced Information**. This Stipulated Protective Order shall not impose any restrictions on (a) the use or disclosure by a party of information or material properly obtained by the party independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation) or (b) a party from disclosing its own Confidential Information as it deems appropriate. This Stipulated Protective Order also shall not apply to information that (a) was properly known to the Requesting Party before it was disclosed in this litigation, (b) is or became part of the public knowledge through no breach of the provisions of this Stipulated Protective Order, (c) is independently developed by the Requesting Party without access to the Confidential Information or Items, or (d) is disclosed to the Requesting Party by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the Requesting Party.

20. **Discovery from Experts**. Testifying experts shall not be subject to discovery on any draft of his or her report in this case, and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case. No drafts, notes, conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

21. **Post Filing Privileged Materials**. Where a document production request seeks production of an attorney-client privileged communication between a party and its litigation counsel that was communicated on or after October 27, 2009, the date Mesh Comm LLC filed its complaint in this action, the party responding to the request need not list such documents on its privilege log.

22. **Return or Destruction upon Termination of Litigation**. Upon the termination of this litigation, including any appeals, all documents and other materials designated by a Producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," including all copies of such materials, shall be returned to the Producing party or at the Producing party's instruction, destroyed. Each party's outside counsel, however, may retain archival copies of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the parties. Any materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE," or "HIGHLY CONFIDENTIAL TECHNICAL CONTENT - OUTSIDE COUNSEL EYES ONLY," included in the archival copy shall remain subject to the provisions of this Order. All parties shall certify compliance with this Paragraph in writing within 90 days of the termination of the litigation. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

23. **Modification of the Stipulated Protective Order**. Any party may apply to the Court for a modification of this Stipulated Protective Order, and nothing in this Stipulated

Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality, as may be appropriate.

24.     **No waivers**.  No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to discoverability or admissibility of evidence.  This Protective Order shall not preclude counsel for any party to this litigation from advising his or her client based on his or her knowledge of Materials that are subject to the terms of this Protective Order, provided that the substance and content of such Materials are not disclosed to anyone prohibited from receiving such information by this Protective Order.

25.     **Injunctive Relief**.  If any person violates or threatens to violate the terms of this Stipulated Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.  The parties agree that, if the aggrieved party demonstrates a reasonable likelihood of success on the merits, then in the absence of injunctive relief, the aggrieved party will be irreparably harmed.  The parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Stipulated Protective Order, notwithstanding any subsequent disposition of this litigation.

26.     **Subpoena or Court Order**.  If a Requesting Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated by a Producing party in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE," or "HIGHLY CONFIDENTIAL TECHNICAL CONTENT - OUTSIDE COUNSEL EYES ONLY," then no more than 10 days after receiving the subpoena

or order, the Requesting Party must (1) notify the Producing party, in writing (by fax and email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the materials covered by the subpoena or order are subject to this Stipulated Protective Order; and (3) deliver a copy of this Stipulated Protective Order to the party that caused the subpoena or order to issue. The purpose of these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Producing party an opportunity to seek protection for its Confidential Information in the court from which the subpoena or order issued. The Producing party shall bear the burden and expense of seeking protection in that court. Nothing in this provision should be construed as authorizing or encouraging a Requesting Party to disobey a lawful directive from another court.

27.    **Survival of Protective Order.** The obligations imposed by this Protective Order shall survive the termination of this litigation

SO STIPULATED:

Dated: February 25, 2010

By: <u>/s/ Marc Seldin Rosen</u>
(*signed by Eric Harlan with permission from Marc Seldin Rosen*)
Marc Seldin Rosen - Bar No. 02589
ROSEN & WARSHAW, LLC
26 South Street
Baltimore, Maryland 21202
Telephone: (410) 244-1155
Facsimile: (410) 244-1157
mrosen@triallaw.com

Douglas L. Bridges, admitted *Pro Hac Vice*
HENINGER GARRISON DAVIS, LLC
1 Glenlake Parkway
Atlanta, Georgia 30328
dbridges@hgdlawfirm.com

*Attorneys for Plaintiff Mesh Comm, LLC*

Dated: February 25, 2010

By:  /s/
_____
Eric R. Harlan – Federal Bar No. 23492
Paul Mark Sandler – Federal Bar No. 00145
SHAPIRO SHER GUINOT & SANDLER
36 South Charles Street
Charles Center South, Suite 2000
Baltimore, Maryland 21201-3147
Telephone:  (410) 385-0202
Facsimile:  (410) 539-7611
psm@shapirosher.com
erh@shapirosher.com

Laurence F. Pulgram, *admitted Pro Hac Vice*
lpulgram@fenwick.com
Michael J. Sacksteder, *admitted Pro Hac Vice*
msacksteder@fenwick.com
David D. Schumann, *admitted Pro Hac Vice*
dschumann@fenwick.com
Ryan A. Tyz, *admitted Pro Hac Vice*
rtyz@fenwick.com
Erin C. Jones, *admitted Pro Hac Vice*
ejones@fenwick.com
FENWICK & WEST, LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
*Attorneys for Defendants PEPCO Holdings,*
*Inc. and Silver Spring Networks, Inc.*

APPROVED AND SO ORDERED this __1st__ day of ~~February~~ MARCH, 2010.

_____
Richard D. Bennett, Judge, United States
District Court for the District of Maryland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Fed. R. Civ. P. Local Rule CV-5(a) on February 25, 2010.

_____/s/_____
Eric R. Harlan

Case 1:09-cv-02804-RDB Document 97 Filed 02/12/5 Page 1 of 2

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____ declares that:

I reside at _____ in the city of _____,

county _____, state of _____.

I am currently employed by _____ located at

and my current job title is _____.

I have read and believe I understand 1:09-cv-02804-RDB, pending in the United States District

Court for the District of Maryland. I agree to comply with and be bound by the provisions of the

Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order

may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of

the above. I submit myself to the jurisdiction of the United States District Court for the District

of Maryland for the purpose of enforcing or otherwise providing relief relating to the Protective

Order.

I agree to abide by the terms set forth as follows:

I am an outside expert or consultant designated in accordance with Paragraphs 6.e. or 6.f.

to receive information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

OUTSIDE COUNSEL EYES ONLY," or I am an in-house representative designated in

accordance with Paragraph 6.c to receive information designated as "CONFIDENTIAL." I shall

not divulge any materials, or copies of materials, designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" obtained in accordance with the

Stipulated Protective Order, or the contents of such materials, to any person other than those

specifically authorized by the Stipulated Protective Order. I also shall not copy or use such

materials except for the purposes of this litigation and in accordance with the terms of the Stipulated Protective Order.

As soon as is practical, but no later than 30 days after final termination of this litigation, I shall return any materials in my possession designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" to the attorney from whom I received such materials. I shall also return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such materials.

If I review any information designated as "HIGHLY CONFIDENTIAL TECHNICAL CONTENT - OUTSIDE COUNSEL EYES ONLY," then I shall not participate in the prosecution of patent applications or development of products relating to the products or technologies at issue in this action until two (2) years after the final disposition of this case, including all appeals. A person is involved in the prosecution of patent applications if that person writes, prosecutes, reviews, provides input, or has the responsibility for directly overseeing the drafting of such patent applications.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____     _____
                  Date                Signature